IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES A. KENNEDY,

    Petitioner,                      No. CIV S-11-1146 GGH P

    vs.

TERI GONZALEZ,

    Respondent.                  ORDER &amp;
                                          FINDINGS AND RECOMMENDATIONS
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the governor reversing the California Board of Parole Hearings (BPH) finding that found plaintiff suitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011). Quoting, inter alia, Estelle v. McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" Id. While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable

1

application of our cases" (while explicitly not reviewing that holding),[1] the Supreme Court stated:

> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.

Swarthout v. Cooke, at 862.

Citing Greenholtz,[2] the Supreme Court noted it had found under another state's similar parole statute that a prisoner had "received adequate process" when "allowed an opportunity to be heard" and "provided a statement of the reasons why parole was denied." Swarthout v. Cooke, at 862. Noting their holding therein that "[t]he Constitution [] does not require more," the justices in the instances before them, found the prisoners had "received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id.

The Supreme Court was emphatic in asserting "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862. "It will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id., at 863. "No opinion of ours supports converting California's "some evidence"

---

[1] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010), which further explained Hayward. Thus, the Supreme Court's decision in Swarthout, essentially overruled the general premise of Hayward. When circuit authority is overruled by the Supreme Court, a district court is no longer bound by that authority, and need not wait until the authority is also expressly overruled. See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc). Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899 (quoting Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)). Therefore, this court is not bound by Hayward.

[2] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

rule into a substantive federal requirement." Id., at 862. Thus, there is no federal due process requirement for a "some evidence" review and federal courts are precluded from review of the state court's application of its "some evidence" standard.[3] Petitioner's claim concerning the "some evidence" standard should therefore be dismissed.

Petitioner also raises a claim that the parole denial was improper because it relied on his status as a recovering drug addict. However, this claim has no merit. In Thompson v. Davis, 295 F.3d 890 (9th Cir. 2002), the Ninth Circuit noted:

> [t]he parole board undeniably has a legitimate penological interests in considering the plaintiffs' substance abuse backgrounds during the individualized inquiry for parole suitability. We hold only that plaintiffs may state a claim under Title II based on their allegations that the parole board failed to perform an individualized assessment of the threat they pose to the community by categorically excluding from consideration for parole all people with substance abuse histories.

Thompson, 295 F.3d 890 at 898 n. 4. In the instant case, the governor's denial set forth an individualized assessment of the threat posed by petitioner with specific examples regarding his substance abuse history and statements while in prison. Petition at 41-43. This claim is meritless.

Petitioner's due process argument that he was not allowed to be heard by the governor prior to the denial is also meritless in light of Swarthout which reviewed two companion cases, one of which was a denial by the governor. Moreover, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902 (1976) (citation omitted). Due process requires consideration of three factors:

---

[3] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Id. at 335.

The issue is whether the hearing accorded is meaningful, not whether the hearing was held before the authority with final responsibility to determine a discharge or, in this case, denial of parole. Bates v. Sponberg, 547 F.2d 325, 332 (6th Cir. 1976) (finding no due process violation where although terminated professor was denied hearing before the Board of Regents and the Board failed to review the record prior to discharging him, he appeared before faculty grievance committee and presented evidence). See also Tigrett v. Rector and Visitors of the University of Virginia, 290 F.3d 620, 629-30 (4th Cir. 2002) (following Bates). Similarly, there is no due process violation in revoking a physician's license where the Board's decision is made without its own hearing because it is based on an ALJ's written report after a hearing is provided. Guerrero v. State of New Jersey, 643 F.2d 148, 149-150 (3rd Cir. 1981).[4] Furthermore, it is not

---

[4] Guerrero cited to a variety of circuits at the time interpreting the Supreme Court's pronouncement that "the one who decides must hear" in Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 912 (1936):

> Estate of Varian v. Commissioner of Internal Revenue, 396 F.2d 753, 755 (9th Cir.), cert. denied, 393 U.S. 962, 89 S.Ct. 402, 21 L.Ed.2d 376 (1968) ("The Supreme Court's statement that '(t)he one who decides must hear' ... means simply that the officer who makes the findings must have considered the evidence or argument."); Utica Mutual Insurance Company v. Vincent, 375 F.2d 129, 132 (2d Cir.), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967) ( "Nothing in ... (Morgan) ... suggests that the decider must actually hear the witnesses or be furnished a report on their credibility; the thrust is quite the opposite."); DeRemer v. United States, 340 F.2d 712, 716 (8th Cir. 1965) ("As a matter of general administrative law, it is well settled, at least since the first and fourth 'Morgan' cases ... that administrative agencies may properly use subordinates in information-gathering and analysis."); Southern Garment Mfrs. Ass'n v. Fleming, 122 F.2d 622, 626 (D.C.Cir.1941) ( "While 'the one who decides must hear', it must

1  required that the deciding body personally read the record; rather it may consider and appraise the
2  evidence by reviewing a summary or analysis of it prepared by subordinates. <u>Bates</u>, 547 F.2d at
3  332.

4    In the instant case, the <u>Matthews</u> factors were satisfied as the governor's denial set
5  forth a detailed report demonstrating a thorough analysis of the evidence and facts set forth in the
6  BPH hearing. This claim should be denied.

7    Petitioner's motion to stay this case in order to exhaust his state remedies with
8  respect to claims that would be meritless on federal review is also denied for the reasons
9  discussed above.

10   Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this
11 case.

12   IT IS HEREBY RECOMMENDED that:
13   1. The motion to stay (Doc. 3) and the motion for judicial notice (Doc. 6) be
14 denied;
15   2. This petition be dismissed.

16   If petitioner files objections, he shall also address if a certificate of appealability
17 should issue and, if so, as to which issues. A certificate of appealability may issue under 28
18 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
19 constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate
20 which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

21   These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
23 days after being served with these findings and recommendations, petitioner may file written

---

  be remembered that 'hear' is used in the artistic sense of requiring certain procedural minima to insure an informed judgment by the one who had the responsibility of making the final decision and order.").

5

objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2011

    /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
kenn1146.parolescrn